STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**vs.)   No. 13-0399** (BOR Appeal No. 2047822)
                    (Claim No.  2011031926)

**TERRY LEE GARTEN,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Huntington Alloys Corporation, by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 21, 2013, in which the Board affirmed an October 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 30, 2011, decision which denied a left wrist injection; little left finger trigger steroid injection; Heelbo-left elbow splint; and a diagnosis update including left carpal tunnel syndrome, lesion of the left ulnar nerve, and left trigger finger. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Garten, a mechanic, alleges he developed left carpal tunnel syndrome, lesion of the left ulnar nerve, and left trigger finger in the course of his employment. His claim has previously been held compensable for right carpal tunnel syndrome and lesion of the right ulnar nerve. Mr. Garten has a history of trigger finger in his left hand. In 1997 he underwent surgery to treat trigger finger in the left middle finger. The condition was not held compensable and his treating physician, Luis Bolano, M.D., stated that the decision was reasonable.

1

In a record review, Christopher Chenault, M.D., noted a history of right carpal tunnel syndrome, prior trigger finger releases, hypertension, heart disease, high cholesterol, and acid reflux. He also noted that Mr. Garten is obese. He stated that obesity is a well-known cause of carpal tunnel syndrome and that sleep disorders, like Mr. Garten has, are known to aggravate the condition. He opined that Mr. Garten does not meet the guidelines under West Virginia Code of State Rules § 85-20-41.5 (2006) for occupations and occupational duties that can cause carpal tunnel syndrome. It was noted that it is highly unlikely that he uses both of his hands in a similar fashion at work, yet he has developed carpal tunnel syndrome in both wrists. Mr. Garten has a prior history of trigger finger which Dr. Chenault stated is now recurring. Lastly, he stated that trigger fingers are a disease of life and not work-related. Predisposition to triggering is a predisposing factor for carpal tunnel syndrome. He therefore concluded that Mr. Garten's left sided symptoms are not work-related.

The claims administrator denied Dr. Bolano's request for a left wrist injection; little left finger trigger steroid injection; Heelbo-left elbow splint; and a diagnosis update including left carpal tunnel syndrome, lesion of the left ulnar nerve, and left trigger finger on August 30, 2011. The Office of Judges subsequently reversed the decision in its October 18, 2012, Order, held the conditions compensable, and authorized the requested treatment.

The Office of Judges determined that Dr. Bolano's opinion was more credible than Dr. Chenault's because Dr. Bolano is Mr. Garten's treating physician and Dr. Chenault did not examine him. However, the Office of Judges did note that Dr. Chenault's report directly addressed compensability whereas compensability is only implied through Dr. Bolano's treatment notes. Dr. Chenault's report was found to contain errors. Dr. Chenault incorrectly noted a history of alcohol abuse and later retracted the statement. Also, he did not have the opportunity to review Mr. Garten's deposition in which he described his occupational duties as repetitive use of hand tools. An independent medical evaluation by Prasadarao Mukkamala, M.D., was found to be of little probative value because while he stated that the requested conditions were not compensable, he did not give a reason as to why. The Office of Judges noted that Dr. Mukkamala declined to apportion the right carpal tunnel whole person impairment assessment for non-compensable factors and that his area of expertise is not in orthopedic surgery. The Office of Judges found that the predisposing factors for carpal tunnel syndrome suggested in Dr. Chenault's report are more speculative in nature compared to Mr. Garten's obvious use of his hands on a daily basis. It therefore held that left carpal tunnel syndrome and lesion of the left ulnar nerve were compensable components of the claim. It also found that left trigger finger was compensable because though Mr. Garten had a history of trigger finger, there is no indication in the record that the condition extended to the little finger. Since the conditions were found to be compensable, the Office of Judges reasoned that treatment for them should be authorized because there is no evidence in the record that the treatment is unreasonable or unnecessary. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its March 21, 2013, decision.

This Court finds that the decision of the Board of Review is based upon erroneous conclusions of law. The evidentiary record indicates that left carpal tunnel syndrome and lesion

2

of the ulnar nerve are not compensable components of the claim. Mr. Garten's occupation does not fall into the occupational groups at higher risk for carpal tunnel syndrome and his occupational duties do not fall into the activities defined in West Virginia Code of State Rules § 85-20-41.5 as causing carpal tunnel syndrome. Mr. Garten is obese which is recognized in West Virginia Code of State Rules § 85-20-41.4 (2006) as a condition that frequently produces or contributes to carpal tunnel syndrome. He also has a sleep disorder which is recognized to significantly aggravate carpal tunnel syndrome in some patients. Lastly, he testified that he is right hand dominate and only switched to using his left hand for the majority of his tasks after he was diagnosed with right carpal tunnel syndrome in March of 2011. At that time, Dr. Bolano noted that the left hand was negative for carpal tunnel symptoms. Mr. Garten stated that his left carpal tunnel syndrome and ulnar nerve symptoms began approximately one to two months later. West Virginia Code of State Rules § 85-20-41.6 (2006) states that work-related carpal tunnel syndrome is associated with years of repetitive activity and a finding of carpal tunnel syndrome in workers with weeks to months of exposure suggests a pre-existing condition.

In regard to the left trigger finger, Mr. Garten has a history of trigger finger in his left middle finger. Dr. Chenault stated that trigger fingers are a disease of life and not work-related and predisposition to triggering is a predisposing factor for carpal tunnel syndrome. He concluded that the left little trigger finger was not work-related. When Dr. Bolano diagnosed middle trigger finger in 1997, he noted that the condition had not been held compensable and that the decision was reasonable. Additionally, it is noted that while Dr. Bolano requested the additional diagnoses and medical treatment, he did not causally relate the conditions to Mr. Garten's employment. The only reports of record to directly address compensability were those of Dr. Chenault and Dr. Mukkamala, both of which found the conditions were not work-related. Because the conditions are not compensable, the requested treatment is also denied.

For the foregoing reasons, we find that the decision of the Board of Review is based upon erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the August 30, 2011, claims administrator's decision.

Reversed and remanded.

**ISSUED:   June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II